UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 24-cr-20326-BB

UNITED STATES OF AMERICA,

Plaintiff,

v.

KEENAN JOHNSON,

Defendant.
_______________________________/

**MOTION FOR RECONSIDERATION OF COURT ORDER DENYING MOTION TO APPEAR *PRO HAC VICE*** [1]

Movant, Larry Robert Handfield, respectfully moves this Court for reconsideration[2] of its order issued December 6, 2024 denying his motion to allow William Castro ("Castro") to appear

---

[1] In light of this Court's denial of Movant's motion to allow William Castro, who is in good standing in New York to practice law, to appear *pro hac vice* in this case under Rule 3 of the Rules Governing the Admission, Practice, Peer Review and Discipline of Attorneys instead of Rule 4(b), undersigned counsel requests a hearing, pursuant to SDFlaLR 7.1(b)(2), because it would help to explain why Rule 4(b), not Rule 3, applies and Castro meets the criteria to serve as co-counsel for Defendant Keenan Johnson. It is estimated that no more than 30 minutes would be required for argument.

[2]

> "Although the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the Supreme Court and [the Eleventh Circuit] have permitted parties to file such motions in criminal cases." ***Serrano v. United States***, 411 F.App'x 253, 255 (11th Cir. 2011). "In ruling on a motion for reconsideration in a criminal case, federal district courts apply civil standards and exercise substantial discretion." ***United States v. Marcelina Orozco***, 2020 WL 3963719, at *1 (S.D. Fla. July 13, 2020). As in civil cases, "there are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." ***United States v. Razz***, 387 F. Supp. 3d 1397, 1402 (S.D. Fla. 2019) (cleaned up) (quoting ***Burger King Corp. v. Ashland Equities, Inc.***, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002)).

*pro hac vice* and represent Defendant Keenan Johnson ("Johnson") as his chosen co-counsel of record herein, pursuant to Rule 4(b)(1) of the Rules Governing the Admission, Practice, Peer Review, and Discipline of Attorneys. Specifically, this Court ruled that

> PHV Attorney William Castro is in disbarred status with the SDFL Bar pursuant to Administrative Order 1999-13.[3] In addition, pursuant to Rule 3 of the Rules Governing the Admission, Practice, Peer Review and Discipline of Attorneys, "[a]ttorneys who are not in good standing of the bar of this Court may not practice before the Court."

[DE21]. In essence, this Court ruled that because Castro had been disbarred from membership in the SDFla Bar, and thus, not in good standing, that he could not practice in this district. If Castro were seeking to practice in the Southern District of Florida or formal readmission to this Court's Bar, the Court's denial under Rule 3 of the Rules Governing the Admission, Practice, Peer Review, and Discipline of Attorneys would be proper.[4] However, while Rule 4(a) allows "[o]nly

---

***United States v. Grobman***, 548 F.Supp.3d 1344, 1347-48 (S.D.Fla.2021) (footnote omitted).

[3] Castro's disbarment by the Florida Supreme Court rendered him ineligible to practice in the Southern District Bar, thus resulting in his disbarment herein 25 years ago.

[4] For lawyers who are not members of this Court's Bar and seek admission *pro hac vice*, Rule 4(b)(2) limits the number of appearances that can ordinarily occur within a one-year period before it will be presumed to be a general practice:

> Lawyers who are not members of the bar of this Court shall not be permitted to engage in general practice in this District. For purposes of this rule, the filing of more than three motions to appear pro hac vice within a 365-day period in separate cases before the Courts of this District shall be presumed to be a "general practice." Upon written motion and for good cause shown the Court may waive or modify this prohibition.

Since Castro has not appeared *pro hac vice* in this district more than three times in the past one-year period, he has not engaged, and does not seek to engage, in general practice in this district.

members of this Court's bar [to] appear as attorneys", Rule 4(b)(1)[5] countenances an attorney's appearance *pro hac vice*.

Movant is not seeking for Castro to practice or be readmitted to the Southern District Bar. While membership in the Florida Bar is a prerequisite for admission to the Bar of the Southern District of Florida, Rule 4(b)(1), which governs admission to appear *pro hac vice*, only requires "[a]n attorney who is a member in good standing of the bar of any United States Court, or of the highest Court of any State or Territory or Insular Possession of the United States, but is not admitted to practice in the Southern District of Florida…." Nowhere does that rule preclude or disqualify an attorney from appearing *pro hac vice* in any case in the Southern District if he satisfies the criteria for admission set forth in Rule 4(b)(1) but has been suspended, disbarred or otherwise ineligible to practice in Florida.

This Court clearly erred in denying Johnson's constitutional right to choose Castro, who is eligible under Rule 4(b), to represent him as co-counsel in this case, for three reasons:

> First, it failed to consider Castro's *pro hac vice* admission as requested under Rule 4(b) pursuant to the eligibility criteria set forth therein. Indisputably, Castro meets the criteria to appear *pro hac vice* and participate in this particular case because he is a member in good standing of not only the Bar of the State of New York (Reg.

---

[5] Rule 4(b)(1) of the Rules Governing the Admission, Practice, Peer Review, and Discipline of Attorneys states:

> An attorney who is a member in good standing of the bar of any United States Court or of the highest Court of any State or Territory or Insular Possession of the United States but is not admitted to practice in the Southern District of Florida may, upon submission of a pro hac vice motion filed and served by co-counsel admitted to practice in this District, be permitted to appear and participate in a particular case. A certification that the applicant has studied the Local Rules, is a member in good standing of a qualifying bar, and has not filed more than three pro hac vice motions in different cases in this District within the last 365 days shall accompany the pro hac vice motion together with such appearance fee as may be required by administrative order. If permission to appear pro hac vice is granted, such appearance shall not constitute formal admission or authorize the attorney to file documents via CM/ECF.

#2330074),[6] but also the Bars of the federal courts of appeals for the Second, Third, Fourth, Sixth, and Ninth Circuits, and the district courts for the Southern and Eastern Districts of New York, and Maryland.[7]

Second, this Court did not distinguish, less acknowledge, the persuasive prior decisions from United States District Court Judges Federico Moreno and Rodney Smith which interpreted Rule 4(b)(1) to allow Castro to appear *pro hac vice* as co-counsel in criminal cases[8] notwithstanding Castro not being in good standing with the Bar of this Court.[9] Not only did Movant and Johnson rely upon those judges' rulings – issued in 2022 and 2023 – to seek Castro's legal representation in this case, but Castro made himself available to appear in this case based thereupon.[10] Without addressing or distinguishing those decisions, this Court's ruling creates an intra-district conflict which fosters uncertainty and confusion. Instead, this Court should follow these earliest precedents in order to promote stability and consistency within this district.

Third, this Court further overlooked the interpretation of Rule 4(b)(1) posted at the Southern District of Florida website[11] which irrefutably allays any concerns

---

[6] Attached as Exhibit A is a copy of a certificate evincing Castro's good standing in New York dated December 9, 2024.

[7] Proof of Castro's admission and good standing in these federal courts may be confirmed at the PACER website.

[8] Castro's participation as co-counsel in case numbers 20-20137-CR-FAM and 23-60010-CR-SMITH/VALLE included representation at the change of plea and sentencing hearings.

[9] Castro presently represents defendants in the Southern District of New York in ***United States v. Gina Guy***, case no. 24 MAG 2386, and in the Eastern District of New York in ***United States v. Oscar Trujillo***, case no. 23-CR-456- JMA-LGD-8 as sole counsel of record.

[10] Since Judges Moreno and Smith granted Castro permission to appear *pro hac vice*, Castro has taught Professional Responsibility at St. Thomas University Benjamin L.Crump School of Law in the Spring 2024 and Fall 2024 terms, and will also teach in the Spring 2025 term. Castro has also been the lead organizer of Florida Bar-approved seminars in 2023 and 2024 which featured United States District Court Judges Rodolfo Ruiz and Roy Altman, respectively, as keynote speakers. Lastly, Castro was recognized on December 1, 2022 by the Miami Catholic Lawyers Guild at the annual Red Mass celebrated by Archbishop Thomas Wenski at Gesu Catholic Church as its recipient of the *Lex Christi*, *Lex Amoris* ("Law of Christ, Law of Love") award based on his longterm commitment to his faith and the legal profession.

[11]

> If I am not a member of this Court's Bar & do not reside or practice within this District but am a FL Bar member whose membership has either been suspended or otherwise designated as not eligible to practice law in FL, may I apply as a PHV in this Court?

> whether attorneys like Castro, who are admitted to the highest court of another state or any federal court but are suspended or disbarred by the Florida Supreme Court, may appear *pro hac vice*.[12]

Undersigned counsel filed the motion to allow Castro to appear *pro hac vice* in this case not only upon a plain reading of Rule 4(b)(1), but also relying on the guidance provided by the Southern District website interpreting that rule. Movant requests this Court to reconsider its order denying the motion to appear *pro hac vice* pursuant to Rule 4(b)(1) in order to prevent a manifest injustice against 1) Johnson, who desires that Castro serve as co-counsel in this case, and 2) Castro, who meets this district's criteria to appear *pro hac vice* and relied upon other judges' rulings allowing his appearances in criminal cases. Accordingly, this Court should enter an Order allowing William Castro to appear as co-counsel before this Court on behalf of Keenan Johnson, for all purposes permissible under the applicable rule relating to the proceedings in the above-styled matter, and directing the Clerk to provide notice of electronic filings to William Castro.

---

> Yes, so long as you retain membership in "good standing of the bar of any United States Court, or of the highest Court of any State or Territory or Insular Possession of the United States." Rule 4(b)(1), Rules Governing the Admission, Practice, Peer Review, and Discipline of Attorneys.

*See* https://www.flsd.uscourts.gov/all-faqs/Attorney%2520Resources.

[12] The reality is that rarely, if ever, will any other attorney suspended or disbarred in Florida be able to retain his or her bar membership elsewhere or successfully later be readmitted or reinstated to become eligible for admission to appear *pro hac vice* in this district. Practically speaking, Castro may be one of only a handful of attorneys who will ever be eligible for admission to appear *pro hac vice* in this district despite having been disbarred by the Florida Supreme Court.

Respectfully submitted,

/s/ *Larry Robert Handfield*
Larry Robert Handfield, Esq.
Florida Bar No. 330590
4770 Biscayne Boulevard, Suite 1250
Miami, Florida 33137
Tel.: 305-576-1011
Fax: 305-576-2304
Email: larryhandfield@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of December 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all interested parties.

*/s/ Larry Robert Handfield*
Larry Robert Handfield, Esq.

# EXHIBIT A

# Appellate Division of the Supreme Court of the State of New York Third Judicial Department

I, Robert D. Mayberger, Clerk of the Appellate Division of the Supreme Court of the State of New York, Third Judicial Department, do hereby certify that

## William Castro

was duly licensed and admitted to practice as an Attorney and Counselor at Law in all the courts of this State on **February 21, 1990**, has duly taken and subscribed the oath of office prescribed by law, has been enrolled in the Roll of Attorneys and Counselors at Law on file in this office, is duly registered with the Office of Court Administration, and according to the records of this Court is currently in good standing as an Attorney and Counselor-at-Law.

In Witness Whereof, I have hereunto set my hand in the City of Albany on December 9, 2024.

Clerk of the Court

CertID-00203994

*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*
*Admissions Office*
*P.O. Box 7350, Capitol Station*
*Albany, NY 12224-0350*

*Robert D. Mayberger*
*Clerk of the Court*

*AD3AdmissionsOffice@nycourts.gov*
*http://www.nycourts.gov/ad3/admissions*
*(518) 471-4778*

*Anthony A. Moore*
*Director of Attorney Admissions*

To Whom It May Concern:

An attorney admitted to practice by this Court may request a certificate of good standing, which is the only official document this Court issues certifying to an attorney's admission and good standing.

An attorney's registration status, date of admission and disciplinary history may be viewed through the attorney search feature on the website of the Unified Court System.

New York State does not register attorneys as active or inactive.

An attorney may request a disciplinary history letter from the Attorney Grievance Committee of the Third Judicial Department.

Bar examination history is available from the New York State Board of Law Examiners.

Instructions, forms and links are available on this Court's website.

Robert D. Mayberger

Robert D. Mayberger
Clerk of the Court

Revised January 2022