UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cr-20326-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KEENAN JOHNSON

    Defendant.
_____/

### ORDER ON MOTION FOR RECONSIDERATION OF COURT ORDER DENYING MOTION TO APPEAR *PRO HAC* VICE

**THIS CAUSE** is before the Court upon Movant Larry Robert Handfield's Motion for Reconsideration of Court Order Denying Motion to Appear Pro Hac Vice ("Motion"), ECF No. [22]. The Court has reviewed the Motion, the supporting submissions, the record in the case, and is otherwise fully advised. For the reasons that follow, Movant's Motion for Reconsideration is granted.

**I.  BACKGROUND**

Attorney William Castro seeks to serve as co-counsel in Defendant Keenan Johnson's criminal case. However, in 1998, the Supreme Court of Florida disbarred Castro from practicing law in Florida *nunc pro tunc* to May 12, 1994, based on Castro's convictions for conspiracy to commit racketeering, twenty-six counts of mail fraud, and one count of bribery. *See Fla. Bar v. Castro*, 728 So. 2d 205 (Fla. 1998).[1] In accordance with the Southern District of Florida's Local

---

[1] These charges originated from a kickback scheme Castro engaged in with Judge Roy Gelber in which Judge Gelber would "give Castro numerous court appointments as a 'Special Assistant Public Defender' in exchange for a percentage of the money Castro earned from the appointments." *Fla. Bd. of Bar Examiners re Castro*, 87 So. 3d 699, 700 (Fla. 2012).

Rules, the Southern District of Florida ordered that Castro "be disbarred from practice in this Court effective May 12, 1994." *See In re William Castro*, AO Order No. 99-13 (Feb. 23, 1999). Castro has since been permanently disbarred from the practice of law by The Florida Bar and the Bar of this Court. *See Fla. Bd. of Bar Exam'rs re: Castro*, 87 So. 3d 699, 702 (Fla. 2012), *cert. denied*, *Castro v. Fla. Bd. of Bar Exam'rs*, 568 U.S. 932 (2012).[2]

Nevertheless, on December 5, 2024, Movant Larry Robert Handfield filed a motion seeking permission for William Castro to appear *pro hac vice* in this case. ECF No. [20]. The Court denied the *pro hac vice* motion as Castro is disbarred from practicing in this Court and because, under "Rule 3 of the Rules Governing the Admission, Practice, Peer Review, and Discipline of Attorneys, 'attorneys who are not in good standing of the bar of this Court may not practice before the Court.'" ECF No. [21]. On December 9, 2024, Movant filed the instant Motion for Reconsideration. ECF No. [22].

## II. DISCUSSION

Movant seeks reconsideration of the Court's Order denying William Castro from appearing *pro hac vice* in this case. ECF No. [22]. Movant argues that notwithstanding his disbarment, he still satisfies the requirements to appear *pro hac vice* under Local Rule 4(b)(1) of the Rules Governing the Admission, Practice, Peer Review, and Discipline of Attorneys because the rule only requires that the attorney "is a member of good standing of the bar of any United States Court, or of the highest Court of any State or Territory or Insular Possession of the United States, but is not admitted to practice in the Southern District of Florida…" *Id.* at 3. Since Castro is a member

---

[2] Rule 3 of the Rules Governing the Admission, Practice, Peer Review, And Discipline of Attorneys ("To remain an attorney in good standing of the bar of this Court, each member must remain an active attorney in good standing of The Florida Bar, specifically including compliance with all requirements of the Rules Regulating The Florida Bar, as promulgated by the Supreme Court of Florida.").

in good standing of the New York bar as well eight United States Court bars,[3] and is no longer admitted to practice in the Southern District Florida, Movant contends Castro has satisfied Rule 4(b)(1)'s requirements. *See id.* According to Movant, the Local Rules do not "preclude or disqualify an attorney from appearing *pro hac vice* in any case in the Southern District if he satisfies the criteria for admission set forth in Rule 4(b)(1) but has been suspended, disbarred or otherwise ineligible to practice in Florida." *Id.* Thus, by precluding Castro from appearing *pro hac vice*, Movant contends the Court has denied Defendant his "constitutional right to choose Castro, who is eligible under Rule 4(b), to represent him as co-counsel in this case." *Id.*

Movant maintains that he filed the motion to allow Castro to appear *pro hac vice* based not only on a "plain reading of Rule 4(b)(1), but also relying on the guidance provided by the Southern District website interpreting that rule" and two decisions by other judges in this District permitting Castro to appear *pro hac vice*. As such, the plain reading of Rule 4(b)(1) coupled with Defendant's right to counsel of his choosing and the precedent permitting Castro to appear *pro hac vice* warrants reconsideration to avoid a manifest injustice.

The Court has considered Movant's argument and finds that the plain language of Rule 4(b)(1) compels the Court to permit Castro to appear *pro hac vice*. Castro has satisfied all the requirements to appear *pro hac vice* given that (1) he is a member in good standing of a state bar; (2) is not admitted to practice in the Southern District of Florida; (3) he has provided a appropriate certification; (4) he has not filed more than three *pro hac vice* motions in different cases in this District within the last 365 days; and (5) he has submitted the appropriate appearance fee. *See* ECF No. [20]. Nevertheless, the Court takes a moment to highlight the ways in which Rule 4(b)(1) of

---

[3] According to Movant, Castro is a member of the bar for the Second, Third, Fourth, Sixth, and Ninth Circuit. ECF No. [22] at 4. Additionally, Castro is a member of the bar for "the district courts for the Southern and Eastern Districts of New York, and Maryland." *Id.*

the Rules Governing the Admission, Practice, Peer Review, and Discipline of Attorneys creates not only a wholly illogical outcome, but an outcome that appears largely at odds with the Southern District's other Local Rules.

First, while a plain reading of Rule 4(b)(1) compels Castro's admission, the language is at odds with the plain language of the Southern District's Order of Disbarment. In that Order, the Chief Judge unequivocally ordered that Castro be "disbarred *from practice* in this Court." AO Order 99-13 (emphasis added). The plain reading of the Order appears on its face to limit Castro not only from general practice, but *any* form of practice in the Southern District of Florida, *pro hac vice* or otherwise.

Moreover, other provisions of the Local Rules suggest that Castro should not be able to avoid his disbarment through the *pro hac vice* procedures. Rule 3 of the Rules Governing the Admission, Practice, Peer Review, and Discipline of Attorneys provides that "Attorneys who are not in good standing of the bar of this Court may not practice before the Court." Movant contends that Rule 3 does not apply to Castro because he is not "seeking to practice in the Southern District of Florida" but instead is merely seeking to "appear" *pro hac vice*. However, to suggest that an attorney appearing *pro hac vice* is not engaged in the practice of law is disingenuous. An attorney appearing *pro hac vice* is permitted to draft motions that are ultimately submitted by local counsel, make arguments before the court, examine and cross examine witnesses, and introduce evidence at trial. Indeed, Rule 4(b)(1) seems to require a person seeking *pro hac vice* status to be a member of a bar precisely because the individual will be engaged in the practice of law during such an appearance.

Furthermore, the Court notes that Rule 4(a) does not contemplate an individual like William Castro appearing before this Court *pro hac vice* as one who has practiced in this District

before. Importantly, that Local Rule specifically provides that "[a]ttorneys residing within this District and practicing before this Court are expected to be members of the bar of this Court." This provision of Rule 4 suggests but ultimately fails to plainly state what is universally known: that the *pro hac vice* procedures are designed to allow an out-of-state attorney to practice before this Court on a limited basis and *not* for local attorneys like Castro who are otherwise disbarred from practice in this Court to gain admittance.

Upon reconsideration, however, the Court finds that it may not solely rely on Rule 3 or Rule 4(a) to deny Castro's application given the strong presumption in favor of permitting defense counsel to appear *pro hac vice* in criminal cases so long as the attorney satisfies the threshold requirements. *See Schlumberger Techs., Inc. v. Wiley*, 113 F.3d 1553, 1558 (11th Cir. 1997). The Court grants reconsideration and permits Castro to appear *pro hac vice* for the duration of these proceedings. Further, the Court refers this Order to the Southern District of Florida's Ad Hoc Committee on Rules and Procedure for consideration of amendments to the rules governing attorney admissions.

### III.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that

1. Movant's Motion for Reconsideration**, ECF No. [22],** is **GRANTED**.
2. Attorney William Castro may appear *pro hac vice* for the duration of these proceedings.

Case No. 24-cr-20326-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 12, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

Scott M. Dimond, Chair
SDFL Ad Hoc Committee on Rules and Procedure