UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cr-20326-BLOOM

UNITED STATES OF AMERICA,

v.

KEENAN JOHNSON,

    Defendant.
_____/

### OMNIBUS ORDER ON MOTION *IN LIMINE*, MOTION FOR BILL OF PARTICULARS, AND MOTION TO STRIKE

**THIS CAUSE** is before the Court on Defendant Keenan Johnson's Motion *in Limine*, ECF No. [34], Motion for Bill of Particulars, ECF No. [35], and Motion to Strike, ECF No. [36]. The United States of America (the "Government") filed a Response in Opposition to all three Motions, ECF No. [44], to which Johnson filed a Reply, ECF No. [49]. The Court has carefully reviewed the Motions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motions are denied.

### I.    FACTUAL BACKGROUND

Defendant Keenan Johnson, a detective with the Miami Dade Police Department, was charged by Indictment with four counts of perjury and one count of obstruction of justice for allegedly false statements made during a suppression hearing before Chief United States District Judge Cecilia Altonaga in March and April 2022 in the matter of *United States v. Eugene Jones*, 1:21-cr-20530. ECF No. [44]; *see also* ECF No. [3]. The Government asserts that at the suppression hearing in the *Jones* case, Jones' lawyer sought to challenge the search warrant authored by Keenan Johnson, arguing the warrant application contained false information and omissions. During the hearing, Jessica Witt, a witness and the primary victim of Jones' alleged

shooting, testified regarding her interactions with Johnson, "including those over Johnson's telephone number, 786-530-8005." ECF No. [44]. Johnson subsequently testified at the hearing and was questioned about the telephone number. However, Johnson "denied he had such a number, or had had contact with Jessica Witt over the number." *Id.* at 2.

At the conclusion of the hearing, Judge Altonaga "stated that she found the matter of the telephone number concerning," and therefore, the AUSA responsible for prosecuting the case needed to answer additional questions before she would issue a decision on the motion to suppress. *Id.* The Government subsequently dismissed the case against Eugene Jones and brought the instant criminal action against Johnson.

## II.     LEGAL STANDRD

### A.  Motion *in Limine*

A motion *in limine* asks the Court "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). "In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id.* "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Id.* (internal citation omitted). Likewise, "[i]n light of the preliminary or preemptive nature of motions in limine, 'any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.'" *Holder v. Anderson*, No. 3:16-CV-1307-J-39JBT, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018) (quoting *Miller ex rel. Miller v. Ford Motor Co.*, No.

2:01CV545FTM-29DNF, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004)). "Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence." *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013); Fed. R. Evid. 401, 402; Advisory Comm. Notes, Fed. R. Evid. 401 ("The standard of probability under the rule is 'more probable than it would be without the evidence.'"). A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 'is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility.'" *Patrick*, 513 F. App'x at 886 (quoting *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011)); *see United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010). Rule 403's "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect[.]" *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001) (quoting *United States v. Cross*, 928 F.2d 1030, 1048 (11th Cir. 1991)).

### B. Bill of Particulars

Federal Rule of Criminal Procedure 7(f) governs a motion for a bill of particulars and provides:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed. R. Crim. P. 7(f). "The purpose of a true bill of particulars is threefold: to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for

the same offense." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) (internal quotation marks and citation omitted). "A bill of particulars, properly viewed, supplements an indictment by providing the defendant with information necessary for trial preparation." *Id.* (emphasis in original).

"[A] defendant is not entitled to a bill of particulars 'with respect to information which is already available through other sources.'" *United States v. Martell*, 906 F.2d 555, 558 (11th Cir. 1990) (quoting *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir. 1986)); *see also United States v. Roberts*, 174 F. App'x 475, 478 (11th Cir. 2006) ("A bill of particulars is not required where the information sought has already been provided by other sources, such as the indictment and discovery and it is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial." (internal quotation marks omitted)).

### C. Motion to Strike

"Upon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Crim. P. 7. "A motion to strike surplusage from an indictment should not be granted 'unless it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial . . .. [T]his is a most "exacting standard."'" *United States v. Awan*, 966 F.2d 1415, 1426 (11th Cir. 1992) (citing *United States v. Huppert*, 917 F.2d 507, 511 (11th Cir. 1990)) (quoting 1 Charles A. Wright, *Federal Practice and Procedure* § 127 at 424-29 (1982)). An allegation that does not affect a charge and need not be proved may be rejected as mere surplusage. *United States v. Noveck*, 271 U.S. 201, 203 (1926). "The inclusion of clearly unnecessary language in an indictment that could serve only to inflame the jury, confuse the issues, and blur the elements necessary for conviction under the separate counts involved surely can be prejudicial." *United*

4

*States v. Northcutt*, No. 07-60220-CR, 2008 WL 162753, at *6 (S.D. Fla. Jan. 16, 2008) (citing *United States v. Bullock*, 451 F.2d 884, 888 (5th Cir. 1971)).

### III.     DISCUSSION

#### A.  Motion *in Limine*

Johnson's first Motion seeks to exclude certain statements and testimony from the suppression hearing held on March 31st, April 4th, and April 5, 2022, in *United States v. Eugene Jones*, Case No. 21-cr-20530. ECF No. [35]. While Johnson concedes that his own statements from the *Jones* case are admissible, Johnson contends that "all other portions of the transcripts of the suppression hearing, including comments attributable to Judge Altonaga, testimonies furnished by other witnesses, and arguments by [the] Government and defense counsel" are inadmissible as substantive evidence. *Id.* at 1.

Regarding Judge Altonaga's statements, in particular, Johnson contends they cannot be admitted to show Judge Altonaga was influenced or could have been influenced by the allegedly false statements because there is considerable danger of unfair prejudice given that the jury might "give too much credence to Judge Altonaga's testimony due to her position and stature as a Federal District Court Judge." ECF No. [34] at 2. (quoting *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1349 (S.D. Fla. 2010) (internal quotations omitted)).

Johnson further argues that the admission of any transcript of the testimony of other witnesses at the suppression hearing is also inadmissible because Johnson has not previously had an opportunity to cross-examine those witnesses. Therefore, the introduction of such evidence would violate his Sixth Amendment right to confront witnesses. *Id.* at 3.

Johnson also points out that statements and arguments of counsel are not evidence. *Id.* Consequently, Johnson contends that "arguments, objections, and other comments made by

5

counsel for the Government and Jones during the suppression hearing, as well as the motion to suppress filed by Jones' attorney, the response thereto, and the reply" are inadmissible as substantive evidence. *Id.*

The Government responds that the exclusion of Judge Altonaga's statements from the suppression hearing in the *Jones* case is inappropriate as such statements go "to the heart of the materiality" of Johnson's alleged lies. ECF No. [44] at 2. Moreover, while the Government recognizes that having Judge Altonaga testify in this case might be unduly prejudicial, her statements from the hearing should not be excluded because the statements are necessary to give context to Johnson's statements and the impact that the statements had on the proceedings.

Similarly, the Government contends that the statements and arguments of counsel in the *Jones* case will not be offered for the truth of the matter asserted, but rather are "the verbal acts in the suppression hearing in the Jones case that provide relevant context regarding the issues in that case that are critical to the understanding of this, and that show the materiality of defendant Johnson's lies." ECF No. [44] at 3.

The Court will not exclude any and all statements (other than Johnson's) made during the suppression hearing in the *Jones* case given the broad and vague nature of the request. *See Vaughn v. Carnival Corp.*, 571 F. Supp. 3d 1318, 1325 (S.D. Fla. 2021) ("In general, a district court may deny a motion in limine when it 'lacks the necessary specificity with respect to the evidence to be excluded.'") (quoting *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, No. CIV. A. 99-D-880-E, 2001 WL 617521, at *1 (M.D. Ala. Feb. 20, 2001) (additional level of quotation and citation omitted)). Without clarity as to specific statements Johnson seeks to exclude, the Court will not entertain such a motion. *See SEC v. MintBroker Int'l, Ltd.*, No. 21-CV-21079-BLOOM/Torres, 2024 WL 2292470, at *20 (S.D. Fla. May 21, 2024) ("Motions in limine that are broad, vague,

and include speculative categories of evidence and argument of which the Court cannot predetermine the admissibility are due to be denied") (quoting *Robbins v. Robertson*, No. 7:15-CV-00124 (WLS), 2022 WL 2987890, at *5 (M.D. Ga. July 28, 2022)); *see also Perez v. Fla. POP, LLC*, No. 20-14214-CV-MAYNARD, 2022 WL 18023487, at *2 (S.D. Fla. Jan. 28, 2022) (denying motions in limine for being "too vague, overbroad, or confusing for purposes of making a definitive informed pretrial ruling").

Moreover, by summarily excluding the statements of any other person besides Johnson, the jury may be unable to discern the significance of Johnson's testimony and the impact the statements had on the suppression proceedings or the case at large. Because such context will likely be necessary for the jury to determine whether Johnson's prior testimony was material, the Court declines to exclude Judge Altonaga statements[1] or those statements and arguments made by the attorneys in the *Jones* case. *See United States v. Oury*, 568 F. Supp. 3d 1380, 1387 (S.D. Ga 2021) ("Exclusion under Rule 403 is an extraordinary remedy, and where the evidence is central to the prosecution's case, it should not lightly be excluded.").

### B. Motion for Bill of Particulars

Johnson also seeks a bill of particulars. ECF No. [35]. Johnson argues that "although the Indictment alleges he "made false, material declarations in a hearing and they related to a material matter, [the Indictment] woefully fail[s] to allege whether the false statements made by Johnson actually influenced or were capable of influencing the decision-making process of the federal judge

---

[1] While Johnson argues the Court should follow the decision in *United States v. Gonzalez*, 718 F. Supp. 2d 1341 (S.D. Fla. 2010) to exclude Judge Altonaga's statements in this case, the *Gonzalez* case is distinguishable. Not only did the defendant in that case seek to preclude Judge Altonaga from testifying as opposed to excluding her prior statements, the Court made clear that part of the reason for excluding such testimony was because the transcripts from the suppression hearing would be a part of the record. *See id.* at 1349.

presiding at the suppression hearing." *Id.* at 2. According to Johnson, the only consequence of his alleged misconduct was the Government's dismissal of Jones' indictment in the underlying criminal case. *Id.* Without any clarification as to how the alleged perjury impacted the presiding judge in the *Jones* case, Johnson argues he "is unable to properly prepare his defense to these charges." *Id.*

The Government first points out that Johnson seeks to receive a bill of particulars "regarding the very issue of materiality that he desires to exclude from evidence in the trial," specifically, the effect the alleged perjury had on Judge Altonaga and her decision on the motion to suppress. ECF No. [44] at 3. Moreover, the Government contends that the Indictment provides more than sufficient details regarding the pending charges, as it specifically includes "the exact quoted statements of the defendant." *Id.* at 5. The Government further argues the issue of materiality is sufficiently alleged because all that must be alleged is that the false statements were "material." Accordingly, no bill of particulars is required here. *Id.*

The Court agrees there is no need for a bill of particulars under the circumstances. Johnson seeks clarification as to how his statements were material, that is, how they actually influenced or were capable of influencing Judge Altonaga's decision making process, notwithstanding that the Government dismissed the case before she had an opportunity to rule on the pending motion to suppress. *See* ECF No. [35] at 2. However, such particularity is not necessary to adequately inform Johnson of the charges against him such that he may adequately prepare for trial. *See United States. v. Clarke*, 464 F. Supp. 749, 750 (M.D. Fla. 1979) ("For the purposes of the sufficiency of an Indictment, the government need not allege in detail the facts relied upon to support its allegations; the government need only allege the essential elements of the crime charged in such a manner that the accused may prepare his defense and invoke the double jeopardy clause in any subsequent

prosecution for the same offense."). The Indictment provides Johnson with the specific statements the Government contends are false while also informing him that the statements were material to the underlying case. Therefore, Johnson may adequately prepare for his upcoming trial as he knows which statements the Government believes materially affected the proceedings. *See Roberts*, 174 F. App'x at 478 (explaining that a bill of particulars is "not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial"). Indeed, given Johnson's arguments in the instant Motion, it is apparent that he is prepared to argue the issue of materiality and there will be no surprise when the Government seeks to argue that his statements at the suppression hearing could have impacted Judge Altonaga's decision[2] or otherwise influenced the ultimate disposition of the case. As such, Johnson's Motion for a Bill of Particulars is denied.

### C. Motion to Strike

Lastly, Johnson moves to strike any reference in the Indictment which purportedly "misrepresents the crimes charged pursuant to 18 U.S.C. § 1623 as 'Perjury' instead of 'False declaration before grand jury or court.'" ECF No. [36]. According to Johnson, "although Chapter 79 of Title 18 of the United States Code is entitled 'Perjury,' the crime under 18 U.S.C. § 1623(a) is labeled 'False declarations before grand jury or court.'" *Id*. Johnson maintains that the use of the term "perjury" risks confusing and misleading the jury because the term is nowhere in the elements of the offense, and the jury might substitute and apply its own "preconceived ideas about

---

[2] "A statement is material if it has a natural tendency to influence, or is capable of influencing the decision making body to which it was addressed. It is irrelevant whether the false statement actually influenced or affected the decision-making process of the agency or fact finding body." A false statement's capacity to influence the fact finder must be measured at the point in time that the statement was uttered. *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1346 (S.D. Fla. 2010) (quoting *United States v. Sarihifard*, 155 F.3d 301, 306 (4th Cir. 1998) (internal quotations omitted)).

9

what perjury signifies." *Id.*

The Government argues that Johnson's Motion to Strike is frivolous because the definition of perjury captures the elements of the charged offense, and numerous federal courts have described 18 U.S.C. § 1623 as perjury. *See* ECF No. [44].

The Court rejects Johnson's request to strike the term "perjury" from the Indictment. Indeed, many federal courts routinely refer to the charged offense, 18 U.S.C. § 1623, as perjury. *See Johnson v. United States*, 520 U.S. 461, 463 (1997) ("Johnson was indicted for perjury under 18 U.S.C. § 1623."); *United States v. Molinares*, 700 F.2d 647, 650 n. 2 (11th Cir. 1983) (discussing "the crime of perjury under 18 U.S.C. § 1623); *United States v. Lewis*, 514 Fed. App'x. 924, 927 (11th Cir. 2013) (explaining what is required "[t]o sustain a conviction of perjury under 18 U.S.C. § 1623(a)"). Accordingly, the Court sees no need to relabel the name of the offense in the Indictment.

## IV.     CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that

1. Defendant Keenan Johnson's Motion in Limine, **ECF No. [34]**, is **DENIED**.
2. Johnson's Motion for Bill of Particulars, **ECF No. [35]**, is **DENIED**.
3. Johnson's Motion to Strike, **ECF No. [36]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 4, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of record

10