UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cr-20326-BLOOM

UNITED STATES OF AMERICA,

v.

KEENAN JOHNSON,

    Defendant.
_____/

**ORDER ON MOTION IIN LIMINE TO EXCLUDE IRRELEVANT AND
CUMULATIVE CHARACTER EVIDENCE**

**THIS CAUSE** is before the Court on the United States of America's ("Government") Motion *in Limine* to Exclude Irrelevant and Cumulative Character Evidence, ECF No. [77]. Defendant Keenan Johnson's filed a Response in Opposition ("Response"), ECF No. [85]; The Government did not file a Reply. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is denied.

    **I.**    **FACTUAL BACKGROUND**

Defendant Keenan Johnson, a detective with the Miami Dade Police Department, was charged by Indictment with four counts of perjury and one count of obstruction of justice for allegedly false statements made during a *Franks* hearing before Chief United States District Judge Cecilia Altonaga in March and April 2022 in the matter of *United States v. Eugene Jones*, 1:21-cr-20530. ECF No. [44]; *see also* ECF No. [3].

The jury trial in this case began on June 10, 2025, and proceeded until June 12, 2025. Due to scheduling conflicts, the Court continued the trial until July 8, 2025. ECF No. [81]. While the case was recessed, the Government filed the instant Motion seeking to preclude Johnson from

introducing irrelevant and cumulative character evidence. ECF No. [77]. Johnson responds that all of his character evidence is admissible at trial. *See* ECF No. [78] at 7.

## II. LEGAL STANDARD

### A. Motion *in Limine*

A motion *in limine* asks the Court "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). "In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id.* "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Id.* (internal citation omitted). Likewise, "[i]n light of the preliminary or preemptive nature of motions in limine, 'any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.'" *Holder v. Anderson*, No. 3:16-CV-1307-J-39JBT, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018) (quoting *Miller ex rel. Miller v. Ford Motor Co.*, No. 2:01CV545FTM-29DNF, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004)). "Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence." *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013); Fed. R. Evid. 401, 402; Advisory Comm. Notes, Fed. R. Evid. 401 ("The standard of probability under the rule is 'more probable than it would be without the evidence.'"). A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or

needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 'is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility.'" *Patrick*, 513 F. App'x at 886 (quoting *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011)); *see United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010). Rule 403's "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect[.]" *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001) (quoting *United States v. Cross*, 928 F.2d 1030, 1048 (11th Cir. 1991)).

### III.   DISCUSSION

While the Government claims that it is seeking to exclude anticipated character evidence, the Government fails to identify any specific evidence or testimony that the Court should exclude. Instead, the Government merely asks the Court to limit "evidence of the defendants' good character to those matters properly admissible in this case based on upon the Federal Rules of Evidence and relevant case law." ECF No. [77]. However, such a generalized request is not a proper basis for a motion *in limine*. *See Vaughn v. Carnival Corp.*, 571 F. Supp. 3d 1318, 1325 (S.D. Fla. 2021) ("In general, a district court may deny a motion in limine when it 'lacks the necessary specificity with respect to the evidence to be excluded.'") (quoting *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, No. CIV. A. 99-D-880-E, 2001 WL 617521, at *1 (M.D. Ala. Feb. 20, 2001) (additional level of quotation and citation omitted)). Without clarity as to specific witnesses or testimony the Government seeks to exclude, the Court will not entertain such a motion. *See SEC v. MintBroker Int'l, Ltd.*, No. 21-CV-21079-BLOOM/Torres, 2024 WL 2292470, at *20 (S.D. Fla. May 21, 2024) ("Motions in limine that are broad, vague, and include speculative categories of evidence and argument of which the Court cannot predetermine the admissibility are

Case No. 24-cr-20326-BLOOM

due to be denied") (quoting *Robbins v. Robertson*, No. 7:15- CV-00124 (WLS), 2022 WL 2987890, at *5 (M.D. Ga. July 28, 2022)); *see also Perez v. Fla. POP, LLC*, No. 20-14214-CV-MAYNARD, 2022 WL 18023487, at *2 (S.D. Fla. Jan. 28, 2022) (denying motions in limine for being "too vague, overbroad, or confusing for purposes of making a definitive informed pretrial ruling"). Accordingly, given the lack of specificity in the Government's requests, the Motion is denied.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that The Government's Motion *in Limine* to Exclude Irrelevant and Cumulative Character Evidence, **ECF No. [77]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 7, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of record